IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZEVAH NOLAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 10 CV 7357 |
| v. | ) |
| | ) Judge Joan H. Lefkow |
| VILLAGE OF DOLTON, a Municipal | ) |
| Corporation and Body Politic, and | ) |
| SGT. A. BANKHEAD, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Zevah Nolan filed suit against the Village of Dolton and Sgt. A. Bankhead (collectively, "defendants"), alleging First Amendment retaliation under 42 U.S.C. § 1983 and malicious prosecution under Illinois state law.[1] Defendants filed a motion to dismiss all claims against them. For the reasons set forth below, defendants' motion [#11] is denied.

## BACKGROUND[2]

In June 2010, Nolan went to the Dolton Police Department to receive her child following the child's visit with her father. Nolan noticed that the child's father did not have the child in a car seat as required by law. She brought this to Bankhead's attention and also informed Bankhead that the father's driver's license was suspended and that he was driving without car insurance. Bankhead refused to take any action. Nolan then complained to the Dolton Police

---

[1] The court has jurisdiction over Nolan's federal claim under 42 U.S.C. § 1983 and 28 U.S.C. § 1331, and supplemental jurisdiction over her state law claims under 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391, because defendants reside in this district and the events giving rise to the claim took place within the district.

[2] For the purposes of this motion, the court takes as true all well-pleaded facts in the plaintiff's complaint. *Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977-78 (7th Cir. 1999).

Department about Bankhead's failure to take action, and the Dolton Police Department conducted an investigation.[3]

On September 24, 2010, Nolan was parked at a gas station in Dolton when Bankhead stopped his squad car next to Nolan's car and approached. He addressed her in a loud, angry voice, saying, "You filed a case against me. Nothing is going to happen to me." "We know who you are and where you live." "What you did was stupid. You're stupid." "You think I'm playing with you?" Compl. ¶ 10. Bankhead issued two citations to Nolan. One was for failure to wear a seat belt. On this charge, after a bench trial held November 4, 2010, Nolan was found not guilty. The other was for operating her vehicle without insurance, for which she received six months of supervision.[4]

Nolan thereafter filed her complaint in this court, alleging two counts against Bankhead and one count against the Village of Dolton. Nolan claims that Bankhead's statements to her were harassment and made in retaliation for her complaint to the Dolton Police Department. She also claims that Bankhead's charge of failure to wear a seat belt was malicious prosecution. Finally, Nolan claims that the Village of Dolton is liable for any damages pursuant to Illinois' municipal indemnity statute, 745 Ill. Comp. Stat. 10/9-102.

---

[3] The complaint does not relate the outcome of the investigation.

[4] Nolan does not mention the insurance citation in her complaint. Defendants, however, call the citation to the court's attention and attach the disposition of the charge to their motion. Because the disposition is a public record and it is a part of the events related to Nolan's claims, the court takes judicial notice of it. *See Henson* v. *CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Supervision under Illinois law is the functional equivalent of probation, *United States* v. *Jones*, 448 F.3d 958, 960 (7th Cir. 2006), thus it implies a finding of guilt.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). For the purposes of a Rule 12(b)(6) motion, the court takes as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences in the plaintiff's favor. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977-78 (7th Cir. 1999). Factual allegations must, however, be enough to raise a right to relief above the speculative level. *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-236 (3d ed. 2004)); *see also Ashcroft* v. *Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009) ("*Twombly* expounded the pleading standard for all civil actions."). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

**DISCUSSION**

**I.       First Amendment Retaliation Claim (Count I)**

In order to present a valid claim for First Amendment retaliation, Nolan must allege that (1) she engaged in an activity protected by the First Amendment; (2) she suffered an adverse act that would likely deter First Amendment activity in the future; and (3) her activity was the but-for cause of the adverse act. *See, e.g.*, *Watkins* v. *Kasper*, 599 F.3d 791, 794 (7th Cir. 2010);

3

*Fairley* v. *Andrews*, 578 F.3d 518, 525-26 (7th Cir. 2009) (citing *Gross* v. *FBL Fin. Servs., Inc.*, --- U.S. ----, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009)) (requiring plaintiffs to demonstrate but-for causation). Defendants contend that Nolan's claim fails on all three elements.

### A. Constitutionally Protected Speech

Defendants argue that Nolan's speech—her complaint to the police department—was not protected because it arose from a private matter that did not touch on a public concern. Nolan counters that the speech was a matter of public concern because it related to police misconduct.[5] Apart from the parties' dispute over the nature of Nolan's speech, the issue whether only speech touching on a matter of public concern is protected appears to be unresolved in this circuit. The public concern test was created in the public employee context in order "to maintain the delicate balance between a citizen's right to speak (and the public interest in having thoughtful debate) and the employer's need to effectively provide government services." *Bridges* v. *Gilbert*, 557 F.3d 541, 550 (7th Cir. 2009) (discussing the history of public-employee retaliation claims). In *Landstrom* v. *Illinois Department of Children and Family Services*, 892 F.2d 670 (7th Cir. 1990), relying on the district court's "thorough and detailed discussion," the Seventh Circuit extended the use of this test beyond the public employee context and applied it to a First Amendment retaliation claim brought by students and parents against their school district. 892 F.2d at 679.[6] Three years after *Landstrom*, the public concern test was also extended to

---

[5] Because Nolan's complaint related to her concern about her own child's safety, not the police department's or Sgt. Bankhead's general lack of enforcement of seat belt and insurance laws, it seems a matter of private concern.

[6] District courts in four other circuits have cited to *Landstrom* in applying the public concern test, with three of these cases touching public education and the other public housing. *See Porter* v. *Duval County Sch. Bd.*, No. 3:09-cv-285-J-32MCR, 2010 WL 1252177, at *8 (M.D. Fla. Mar. 26, 2010); *Rodgers* v.
(continued...)

cases in which prisoners complained of retaliation for their speech. *Brookins* v. *Kolb,* 990 F.2d 308, 313 (7th Cir. 1993).

In *Bridges*, however, the Seventh Circuit abrogated *Brookins* and reversed dismissal of a First Amendment retaliation claim, holding that a prisoner's speech is protected even where it does not involve a matter of public concern. 557 F.3d at 550; *see also Watkins*, 599 F.3d at 796 (expanding the holding of *Bridges* to include prisoners who are employed by the prison).

These cases reveal that the public concern requirement for protected speech had lost its mooring to the principle that an individual's speech is protected unless compelling governmental reasons require abridgement of that protection. Although the *Bridges* court did not repudiate *Landstrom*'s application in the context of non-public employees,[7] it supported its decision by favorably quoting a Third Circuit opinion that stated, "[O]utside the employment context the First Amendment forbids retaliation for speech even about private matters." *Bridges*, 557 F.3d at 551 (quoting *Eichenlaub* v. *Twp. of Indiana*, 385 F.3d 274, 284 (3d Cir. 2004)). Moreover, the logic of *Bridges* is simply inconsistent with *Landstrom*, if *Landstrom* means that only speech touching on a matter of public concern is protected.[8] *Bridges* reasons that although prisoners'

---

(...continued)
*Duncanville Indep. Sch. Dist.,* No. 3-04-CV-0365-D, 2005 WL 770712, at *3 (N.D. Tex. Apr. 5, 2005); *Fields* v. *Marin Hous. Auth.*, No. C 99-04626 CRB, 2002 WL 145842, at *8 (N.D. Cal. Jan. 16, 2002); *Cottone* v. *Marcus*, No. 93-CV-6439L, 1995 WL 819034, at *10 (W.D.N.Y. Apr. 5, 1995)*, aff'd*, 100 F.3d 944 (2d Cir. 1996). In contrast, the Sixth Circuit explicitly rejected *Landstrom*. *Jenkins* v. *Rock Hill Local Sch. Dist.*, 513 F.3d 580, 588 (6th Cir. 2008) ("We respectfully decline to follow the Seventh Circuit's mistaken analysis.").

[7] Since *Bridges* was decided, at least one district court in the Seventh Circuit has applied the public concern test to a parent's claim against a school district, although that court did not address *Bridges* in its decision or, for that matter, rely on *Landstrom* or any of its progeny. *See Larsen* v. *Fort Wayne Police Dep't*, No. 1:09-CV-55, 2010 WL 2400374, at *13 (N.D. Ind. June 11, 2010).

[8] Judge Shadur's *Landstrom* opinion, 699 F. Supp. 1270 (N.D. Ill. 1988), acknowledges the limits of his reasoning, and the decision was clearly shaped by the facts before him. The speech at issue was a

(continued...)

5

civil rights may be abridged for institutional reasons, their speech about their private or personal concerns was not thus abridged. The same reasoning applies to public employees: their freedom of speech may be abridged for compelling governmental reasons. Since Nolan is neither a prisoner nor a governmental employee, it follows that her freedom of speech is unabridged absent some governmental reason that defendants have not attempted to proffer.

Because *Landstrom* and *Bridges* appear to be inconsistent, this court must decide which holding is likely to prevail. In addition to the Third Circuit, other circuits have declined to apply the public concern test to retaliation claims by non-public employees and even limited its use within the public employment context to certain situations.[9] *See Van Deelen* v. *Johnson*,

---

[8](...continued)
direction from a child's parents not to physically examine their child a second time for evidence of abuse. The court commented that *Connick* v. *Myers*, 461 U.S. 138, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983), ["the definitive framework for analyzing First Amendment claims," 699 F. Supp. at 1278], and its progeny

> may perhaps be thought [to] prove too much if translated with full vigor to a nonemployee citizen's statement upon a matter of personal interest. *No public official should be permitted to muzzle a private individual with impunity on matters purely personal to that individual either.* Where [the] Parents fail here, however, is in trying to bootstrap their "Don't do it again" statements . . . , followed by defendants "doing it again," into a claim charging First-Amendment-violative conduct by defendants.

*Id.* at 1279 (emphasis added). He pointed out that if the defendants' conduct *itself* (examining the child) were unconstitutional, "so be it." But the retaliation claim was not "one of 'the most unusual circumstances' in which 'a federal court is . . . the appropriate forum in which to review the wisdom of [the] decision taken by [the] public agency allegedly in reaction to [the Parents'] behavior.'" *Id.* (quoting *Connick*, 461 U.S. at 139).

In light of this analysis, it is not obvious that Judge Shadur, faced with Nolan's facts, would have reached the same result. Rather, as alleged, this is a case of a public official's effort to muzzle a private individual with impunity on matters purely personal to that individual.

[9] Moreover, some decisions from this district, without addressing *Landstrom* and the use of the public concern test for parent and student claims, have declined to consider whether the test applies to other non-employees. *See, e.g.*, *Ferrell* v. *Harrington*, No. 07 C 3027, 2007 WL 3307026, at *2 (N.D. Ill. Nov. 2, 2007) (bus passenger against transit authority bus driver); *Whitehouse* v. *Piazza*, No. 05 C 1638, 2007 WL 641543 (N.D. Ill. Feb. 28, 2007) (citizen against mayor and police chief); *Villagrana* v. *Vill. of Oswego*, No. 04 C 4603, 2005 WL 2322808, at *2 (N.D. Ill. Sept. 22, 2005) (non-employee against

(continued...)

497 F.3d 1151, 1156 (10th Cir. 2007) ("The public concern test, then, was meant to form a sphere of protected activity for public employees, not a constraining noose around the speech of private citizens."); *Pinard* v. *Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 766 (9th Cir. 2006) ("Although [the] personal matter/public concern distinction is the appropriate mechanism for determining the parameters of a public employer's need to regulate the workplace, neither we, the Supreme Court nor any other federal court of appeals has held such a distinction applicable in student speech cases, and we decline to do so here."); *Campagna* v. *Massachusetts Dep't of Envtl. Prot.*, 334 F.3d 150, 155 (1st Cir. 2003) ("Since the reason for the test is missing in the present case—maintaining order in the governmental workplace—the [public concern doctrine] should not be applied here." (quoting *Gable* v. *Lewis*, 201 F.3d 769, 771 (6th Cir. 2000))); *Friedl* v. *City of New York*, 210 F.3d 79, 87 (2d Cir. 2000) ("The 'public concern' requirement, developed in the context of public employee speech, has no place in the context of prisoner petitions for redress of grievances, which typically address matters of personal concern."). Considering the Seventh Circuit's recent decisions in *Bridges* and *Watkins*, as well as the persuasive authority from other circuits, this court is persuaded that the public concern test does not apply to Nolan's First Amendment retaliation claim.

The First Amendment broadly protects speech so long as it is not obscene, defamatory, or threatening. *See R.A.V.* v. *City of St. Paul*, 505 U.S. 377, 383, 112 S. Ct. 2538, 120 L. Ed. 2d 305 (1992). It also protects a citizen's right to reasonably criticize police officers. *See Abrams* v. *Walker*, 307 F.3d 650, 654 (7th Cir. 2002), *abrogated on other grounds by Spiegla* v. *Hull*,

---

(...continued)
police department). These claims were all resolved on other grounds.

7

371 F.3d 928 (7th Cir. 2004). Nolan alleges that she made a complaint against Bankhead, a police officer, to his supervisors. She plausibly will be able to prove that her speech was neither obscene, defamatory, nor threatening, and therefore protected by the First Amendment.

  **B. Adverse Act**

Threats and harassment are actionable in a First Amendment retaliation case "unless the harassment is so trivial that a person of ordinary firmness would not be deterred" from expressing their beliefs. *Pieczynski* v. *Duffy*, 875 F.2d 1331, 1333 (7th Cir.1989). Defendants argue that Bankhead's words are not actionable because they were not threats or intimidation that suggested punishment would immediately follow. Nolan has alleged that Bankhead was on duty, that he approached her in his squad car, and that he said to her in a loud, angry voice, "We know who you are and where you live. . . . You think I'm playing with you?" Compl. ¶ 10. A reasonable person could conclude that Bankhead made a threat that suggested that adverse action was forthcoming and that this threat would deter future speech. Moreover, Nolan alleges that Bankhead wrote her a baseless ticket in retaliation for her complaint. Considering all of the circumstances, Nolan has sufficiently alleged facts that support the conclusion that Bankhead's actions went beyond trivial harassment.

  **C. Causation**

Defendants challenge causation by arguing that probable cause should act as a complete bar to First Amendment retaliation claims in an arrest context and that Nolan has not established the absence of probable cause for the insurance citation that Bankhead issued. Nolan argues that she has properly pleaded an absence of probable cause for the seat belt ticket, which should be enough to support her retaliation claim. The issue for the court, then, is

whether both citations comprise but one act for which she must establish a complete absence of probable cause, or whether Nolan can treat the citations individually and support her claim by establishing an absence of probable cause on one.

In support of their position, defendants note that under *Hartman* v. *Moore*, 547 U.S. 250, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006), plaintiffs must plead and prove an absence of probable cause to prevail on a First Amendment retaliatory prosecution claim. *Id.* at 265-66. Although the plaintiff in *Hartman* had been charged and acquitted on multiple offenses, the facts did not include counts as to which probable cause was lacking.[10] Thus, *Hartman* does not assist the court. Defendants also point to a comment in *Abrams* that probable cause might be a complete bar on retaliatory arrest claims. *See Abrams*, 307 F.3d at 657 ("We recognize that [recognizing probable cause as a complete defense] would not be incongruent with our recent decision in *Williams* v. *Jaglowski*, 269 F.3d 778, 781 (7th Cir. 2001). . . . Nevertheless, . . . we decline to rule on this issue."). Here, however, we are dealing with a retaliatory prosecution. Nolan was not arrested and does not assert that she was deprived of her liberty without probable cause. As Nolan notes in her response, there are distinctions between false arrest and malicious prosecution claims, and a plaintiff can proceed on a malicious prosecution claim where she was charged with multiple offenses but there was not probable cause for all. *See*

---

[10] The opinion did imply that the charges should be analyzed for probable cause individually. *See Hartman*, 547 U.S. at 265 ("But a retaliatory motive on the part of an official urging prosecution combined with an absence of probable cause supporting the prosecutor's decision to go forward are . . . enough for a prima facie inference that the unconstitutionally motivated inducement infected the prosecutor's *decision to bring the charge*." (emphasis added) (citation omitted)); *id.* at 265 ("The question is whether the complaint states an actionable violation of the First Amendment without alleging an absence of probable cause to *support the underlying criminal charge*." (emphasis added)). *But see id.* at 256-57 ("[T]he issue before us is straightforward: whether a plaintiff in a retaliation-prosecution action must plead and show the absence of probable cause for *pressing the underlying criminal charges*." (emphasis added)).

*Holmes* v. *Vill. of Hoffman Estate*, 511 F.3d 673, 682-83 (7th Cir. 2007). The Seventh Circuit concluded in *Holmes*:

> It is reasonable to demand that each charge that a police officer elects to lodge against the accused be supported by probable cause. Otherwise, police officers would be free to tack a variety of baseless charges on to one valid charge with no risk of being held accountable for their excess.

*Id.* at 683. Therefore, the court will not dismiss Nolan's retaliation claims so long as she has pleaded facts that support the inference of an absence of probable cause on her seat belt citation.

In order to have probable cause for a traffic stop, an officer must have an "objectively reasonable" basis to believe a traffic law has been violated. *United States* v. *Dowthard*, 500 F.3d 567, 569 (7th Cir. 2007). Illinois' seat belt law requires that "[e]ach driver and front seat passenger of a motor vehicle *operated on a street or highway* in this State shall wear a properly adjusted and fastened seat safety belt." 625 Ill. Comp. Stat. 5/12-603.1(a) (emphasis added). Nolan alleges that when Bankhead pulled up to her car, she was "parked at a gas station." Compl. ¶ 10. Because a gas station lot is neither a street nor a highway, the allegations permit the inference that Bankhead did not have an objectively reasonable basis to believe that Nolan was violating the seat belt law. Accordingly, the court cannot conclude as a matter of law that Bankhead had probable cause to issue a citation to Nolan for failing to wear a seat belt.

Outside of any probable cause concerns, Nolan has sufficiently alleged a causal link between her complaint to the police department and Bankhead's actions. She alleges that as Bankhead began to verbally harass her, he said, "You filed a case against me." Compl. ¶ 10. She plausibly will be able to prove that Bankhead would not have harassed her if she had not

complained to his supervisors.

### D. *Heck* v. *Humphrey*

Defendants argue that Nolan's retaliation claim should be dismissed because it implicitly challenges the validity of Nolan's sentence for driving an uninsured vehicle. In *Heck*, the Supreme Court held that if a plaintiff cannot prevail in a § 1983 action without the court's concluding a conviction was unlawful, then the suit is barred when the conviction has not been reversed, expunged, or otherwise invalidated. *Heck* v. *Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Nolan does not reference her insurance ticket, much less challenge its validity, in her complaint. She even implicitly concedes the validity of the ticket, stating that she does not seek to challenge it. Pl.'s Resp. to Mot. at 9. But because Nolan was found not guilty on the seat belt ticket, *Heck* does not bar her First Amendment retaliation claim.

## II. State Law Claims (Counts II and III)

Defendants' only argument for dismissing Nolan's state law claims is that the court lacks supplemental jurisdiction over the claims in the event the First Amendment retaliation claim is dismissed. Because the court has concluded that Nolan has sufficiently pleaded her retaliation claim, the state law claims shall not be dismissed.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [#11] is denied. Defendants are directed to answer the complaint.


Dated: April 21, 2011          Enter: _____
                                                       JOAN HUMPHREY LEFKOW
                                                       United States District Judge